# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| | |
| **(b)** County of Residence of First Listed Plaintiff    Mecklenburg County, NC<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Joseph J. Urban, Esquire<br>Law Offices of Vincent J. Ciecka<br>5709 Westfield Avenue, P.O. Box #560, Pennsauken, NJ 08110<br>Phone: 856-665-5709 | Attorneys *(If Known)*<br>Christina L. Capobianco<br>PO Box 8000, New York, NY 14201<br>1700 Market Street, Suite 1418, Philadelphia PA 19103-3907<br>Phone: 267-519-6800 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government<br>Plaintiff | ☐ 3 | Federal Question<br>*(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government<br>Defendant | ☒ 4 | Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure<br>of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |     Product Liability | |     28 USC 157 |     3729(a)) |
| ☐ 140 Negotiable Instrument |     Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |     Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|     & Enforcement of Judgment |     Slander |     Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |     Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |     Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|     Student Loans | ☐ 340 Marine |     Injury Product | |     New Drug Application | ☐ 470 Racketeer Influenced and |
|     (Excludes Veterans) | ☐ 345 Marine Product |     Liability | | ☐ 840 Trademark |     Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |     Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
|     of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards |     Act of 2016 |     (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending |     Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract |     Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** |     Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |     Property Damage |     Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |     Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - |     Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) |     Exchange |
| |     Medical Malpractice | |     Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |     Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff |     Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ |     Sentence | |     or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability |     Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** |     26 USC 7609 |     Act/Review or Appeal of |
| |     Employment | **Other:** | ☐ 462 Naturalization Application | |     Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| |     Other | ☐ 550 Civil Rights |     Actions | |     State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | |     Conditions of | | | |
| | |     Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original<br>Proceeding | ☒ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | ☐ 5 Transferred from<br>Another District<br>*(specify)* | ☐ 6 Multidistrict<br>Litigation -<br>Transfer | ☐ 8 Multidistrict<br>Litigation -<br>Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

| | | |
|---|---|---|
| Philp E. Benson, Kyriacos Argyropoulos, | : | CIVIL ACTION NO. |
| and Lauretta Argyropoulos | : | |
| v. | : | |
| Ricardo Alvarado Rosero and Carvana, LLC | : | |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　and Human Services denying plaintiff Social Security Benefits.　　　　　　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　exposure to asbestos.　　　　　　　　　　　　　　　　　　　　　　　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
　　commonly referred to as complex and that need special or intense management by
　　the court. (See reverse side of this form for a detailed explanation of special
　　management cases.)　　　　　　　　　　　　　　　　　　　　　　　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　　(**X**)

| | | |
|---|---|---|
| 9/21/2021 | Christina L. Capobianco | Ricardo Alvarado Rosero and Carvana, LLC |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-519-6800 | 267-519-6801 | ccapobianco@goldbergsegalla.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | | |
|---|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☐ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☐ |

I certify that, to my knowledge, the within case ☐ *is* / ☐ *is not* related to any case now pending or within one year previously terminated action in this court except as noted above.

/s/ Christina L. Capobianco

*Must sign here*

DATE: _____     _____     _____
                                   *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

*A.     Federal Question Cases:*

☐ 1.   Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.   FELA
☐ 3.   Jones Act-Personal Injury
☐ 4.   Antitrust
☐ 5.   Patent
☐ 6.   Labor-Management Relations
☐ 7.   Civil Rights
☐ 8.   Habeas Corpus
☐ 9.   Securities Act(s) Cases
☐ 10.  Social Security Review Cases
☐ 11.  All other Federal Question Cases
        *(Please specify): _____*

*B.     Diversity Jurisdiction Cases:*

☐ 1.   Insurance Contract and Other Contracts
☐ 2.   Airplane Personal Injury
☐ 3.   Assault, Defamation
☐ 4.   Marine Personal Injury
☐ 5.   Motor Vehicle Personal Injury
☐ 6.   Other Personal Injury *(Please specify): _____*
☐ 7.   Products Liability
☐ 8.   Products Liability – Asbestos
☐ 9.   All other Diversity Cases
        *(Please specify): _____*

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

/s/ Christina L. Capobianco

*Sign here if applicable*

DATE: _____     _____     _____
                                   *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PHILIP E, BENSON AND KYRIACOS ARGYROPOULOS AND LAURETTA ARGYROPOULOS, | : : : : : : : : : : : : | CIVIL ACTION NO. |
| Plaintiff(s), | | |
| V. | | |
| RICARDO ALVARADO ROSERO AND CARVANA, LLC, | | |
| Defendant(s). | | |

**NOTICE AND PETITION OF REMOVAL OF DEFENDANTS**
**RICARDO ALVARADO ROSERO AND CARVANA, LLC.**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants, Ricardo Alvarado Rosero and Carvana, LLC. (hereinafter collectively known as "Defendants"), by and through their attorneys, Goldberg Segalla LLP, submit this Notice and Petition for Removal from the Court of Common Pleas of Philadelphia County, Pennsylvania, in which the above-captioned matter is now pending, to the United States District Court for the Eastern District of Pennsylvania. In support of said Notice and Petition, Defendants state as follows:

1.  Plaintiffs Philip E. Benson, Kyriacos Argyropoulos, and Lauretta Argyropoulos commenced this personal injury action in the Court of Common Pleas of Philadelphia County, August Term 2021, No. 02750, by filing a complaint against Defendants on August 30, 2021 (*See* Exhibit "A").

2.  Defendant Carvana LLC was served with the Complaint on September 1, 2021.

3. Defendant Ricardo Alvarado Rosero was served with the Complaint on September 9, 2021.

4. Plaintiffs' complaint arises out of an alleged motor vehicle accident, which occurred on October 20, 2019, traveling northbound on I-95 at or near mile-marker 26 in the lane leading to the ramp to the Betsy Ross Bridge in the City and County of Philadelphia, Pennsylvania. (*See* Exhibit "A").

5. Plaintiffs allege that they were injured as a result of Defendants' negligence. (*See* Exhibit "A").

**Timeliness of Removal**

6. This Notice of Removal is timely filed in compliance with 28 U.S.C. §1446(b) as it is being filed within thirty (30) days from the date upon which Defendants were served with the Complaint.

**Diversity of Citizenship**

7. 28 U.S.C. §1441(a) provides that a state court action over which a district court of the United States would possess original jurisdiction may be removed to the district court for the district and division embracing the place where the state court action is pending.

8. A district court shall have original jurisdiction over a proceeding wherein the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. §1332(a).

9. A corporation shall be deemed to be a citizen of the state in which it is incorporated and the state of its principal place of business. 28 U.S.C. §1332(c)(1).

10. According to the Complaint in the instant case, Plaintiff Philip E. Benson is a citizen of North Carolina. (*See* Exhibit "A").

11. According to the Complaint in the instant case, Plaintiffs Kyriacos and Lauretta Argyropoulos, husband and wife, are citizens of New Jersey. (*See* Exhibit "A").

12. Defendant Ricardo Alvarado Rosero is a citizen of Pennsylvania.

13. Defendant Carvana, LLC, is a citizen of Arizona, its state of incorporation and the location of its principal place of business.

14. Diversity of citizenship exists because Plaintiffs are citizens of North Carolina and New Jersey and Defendants are citizens of Pennsylvania and Arizona.

## Plea for Removal

15. There is complete diversity of citizenship and the amount in controversy exceeds the jurisdictional requirement of seventy-five thousand dollars ($75,000.00); therefore, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and removal of this proceeding to this Court is proper pursuant to 28 U.S.C. § 1441.

16. No served defendant is a citizen of the forum state of Pennsylvania such that removal is not precluded by 28 U.S.C. §1441(b).

17. Since the Philadelphia County Court of Common Pleas is located within the Eastern District of Pennsylvania, removal of this case to the United States District Court for the Eastern District of Pennsylvania is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

18. Defendants have contemporaneously with the filing of this Notice and Petition of Removal given written notice to all counsel and unrepresented parties of the removal of this matter.

19. Promptly after filing the within Notice and Petition of Removal, a copy of same will be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania in accordance with 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendants Ricardo Alvarado Rosero and Carvana, LLC, respectfully request that this civil action be removed from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

Date: 9/21/2021                      By: _/s/ Christina L. Capobianco_

Christina L. Capobianco
Attorney ID No. 95105
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
(P) 267-519-6800; (F) 267-519-6801
ccapobianco@goldbergsegalla.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I, Christina L. Capobianco, hereby certify that this 21st day of September 2021, a true and correct copy of the foregoing Notice and Petition of Removal of defendants was served via the Court's ECF and by electronic mail upon the following:

**GOLDBERG SEGALLA LLP**

By: _/s/ Christina L. Capobianco_
        Christina L. Capobianco
        Attorney ID No. 95105
        1700 Market Street, Suite 1418
        Philadelphia, PA 19103-3907
        (P) 267-519-6800; (F) 267-519-6801
        ccapobianco@goldbergsegalla.com
        *Attorney for Defendants*

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division
# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
AUGUST 2021
E-Filing Number: 2108057279
002750

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| PHILIP E. BENSON | RICARDO ALVARADO ROSERO |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 12041 EVERGREEN HOLLOW DRIVE<br>CHARLOTTE   NC 28269-5113 | 8542 MARSDEN STREET, APT. 9<br>PHILADELPHIA PA 19136 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| KYRIACOS ARGYROPOULOS | CARVANA, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 6006 NORMANDY DRIVE<br>MOUNT LAUREL  NJ 08054 | 1026 MARIETTA STREET NE   SUITE A<br>ATLANTA  GA 30138<br>*OR C/O CSC* |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| LAURETTA ARGYROPOULOS | *100 CHARLES EWING BLVD #160*<br>*EWING, NJ 08628* |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 6006 NORMANDY DRIVE<br>MOUNT LAUREL  NJ 08054 | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 3 | 2 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE
2V - MOTOR VEHICLE ACCIDENT

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| FILED<br>PRO PROTHY<br>AUG 30 2021<br>S. RICE | YES       NO |

TO THE PROTHONOTARY:
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: PHILIP E BENSON , KYRIACOS
ARGYROPOULOS , LAURETTA ARGYROPOULO
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JOSEPH J. URBAN | 5709 WESTFIELD AVENUE<br>P.O. BOX #560<br>PENNSAUKEN  NJ 08110 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (856)665-5709 | (856)665-4107 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 57369 | jurban@ciecka.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| JOSEPH URBAN | Monday, August 30, 2021, 05:06 pm |

**LAW OFFICES OF VINCENT J. CIECKA, P.C.**
By: Joseph J. Urban, Esquire
Identification No.: 57369
100 S. Broad Street
Suite 1218
Philadelphia, PA 19110
(215) 271-5709

email - jurban@ciecka.com
   dtrimble@ciecka.com

Filed and Attested by the
Office of Judicial Records
30 AUG 2021 05:06 pm

**THIS IS A MAJOR JURY MATTER
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED.**

Attorney for Plaintiffs

| | |
|---|---|
| **Philip E. Benson**<br>12041 Evergreen Hollow Drive<br>Charlotte, North Carolina 28269-5113<br>and<br>**Kyriacos Argyropoulos** and **Lauretta Argyropoulos**, his wife<br>6006 Normandy Drive<br>Mount Laurel, New Jersey 08054,<br><br>      Plaintiffs<br>  vs.<br><br>**Ricardo Alvarado Rosero**<br>8542 Marsden Street, Apt. 9<br>Philadelphia, PA  19136<br>   and<br>**CARVANA, LLC**<br>1026 Marietta Street NW Suite A<br>Atlanta, GA  30138,<br>     Defendants | PHILADELPHIA COURT OF<br>COMMON PLEAS<br><br><br><br>AUGUST TERM, 2021<br><br>NO.:<br><br><br>*COMPLAINT* |

## NOTICE TO DEFEND

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take the paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia Servicio De Referencia E
Informacion Legal - One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333 - TTY (215)-451-6197

Case ID: 210802750

## COMPLAINT
### 2V-Motor Vehicle Accident

### PARTIES

1.     Plaintiff, Philip E. Benson, is an adult individual and citizen of the State of North Carolina, residing at 12041 Evergreen Hollow Drive, in the City of Charlotte, County of Mecklenberg and State of North Carolina at zip code 28269-5113.

2.     Plaintiffs, Kyriacos Argyropoulos, and Lauretta Argyropoulos, his wife, are adult individuals and citizens of the State of New Jersey, residing at 6006 Normandy Drive, in the Township of Mount Laurel, County of Burlington and New Jersey and State of North Jersey at zip code 08054.

3.     Defendant, Ricardo Alvarado Rosero, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 8542 Marsden Street, Apartment 9, in the County and City of Philadelphia and Commonwealth of Pennsylvania at zip code 19136.

4.     Defendant, CARVANA, LLC, is a limited liability company organized and existing under the laws of the State of Delaware, with corporate headquarters located at 1930 West Rio Salado Parkway, Tempe, Arizona 85281 and a place of business located in the State of Georgia, at 1026 Marietta Street NW, Suite A, in Township of Atlanta, in the State of Georgia at zip code 30138, and which is registered to conduct business and does regularly conduct business in the Commonwealth of Pennsylvania and City and County of Philadelphia.

### FACTUAL AVERMENTS

5.     On or about October 20, 2019, at approximately 7:14 a.m., Plaintiff, Philip E. Benson, was the operator of a 2016 Toyota Camry owned by Plaintiff, Kyriacos Argyropoulos, who was a front seat passenger in the vehicle, and was traveling northbound on I-95 at or near mile marker 26 in the lane leading to the ramp to the Betsy Ross Bridge in the City and County of Philadelphia and Commonwealth Pennsylvania.

6.    At the aforesaid time and place, Defendant, Ricardo Alvarado Rosero, the operator, driver, possessor and/or person otherwise in control of a 2020 Freightliner truck which was owned, leased and/or otherwise possessed by Defendant, CARVANA, LLC, violently collided with the rear of Plaintiff's motor vehicle, hereby causing the bodily injuries to Plaintiffs as set forth herein.

7.    Defendant, Ricardo Alvarado Rosero, failed to stay alert at all times, failed to properly observe his surroundings, failed to keep his truck under control, failed to proceed at an appropriate speed, failed to visualize what was in front of him while operating his vehicle on the roadway and caused his truck to violently strike the rear of Plaintiffs' motor vehicle.

**FIRST COUNT**
**Plaintiff, Philip E. Benson  v. Defendant, Ricardo Alvarado Rosero**

8.    Plaintiffs incorporate by reference the allegations contained above as though the same were set forth herein at length.

9.    At the time and place aforesaid, Defendant, Ricardo Alvarado Rosero, negligently, carelessly, and/or without acting with due and proper care, caused his vehicle to violently collide with the rear end of the Plaintiff's vehicle, resulting in severe, serious, and permanent personal injuries and economic losses to Plaintiff, as hereinafter described.

10.    At the time and place aforesaid, the negligence, carelessness and other liability-producing conduct of Defendant, Ricardo Alvarado Rosero, consisted of, but is not limited to, the following:

   a)    failing to properly control his vehicle and bring his vehicle to a safe stop behind Plaintiff's vehicle;

   b)    failing to have his vehicle under proper and adequate control at the time and place aforesaid;

   c)    failing to stay awake and alert and properly observe his surroundings at all times relevant hereto;

   d)    operating his vehicle at an excess and/or unsafe speed;

e)    failing to properly and adequately brake and/or stop his vehicle and failing to yield to traffic on the road;

f)    failing to abide by the assured clear distance ahead rule;

g)    failing to act, and/or acting, without due regard for the rights, safety, and position of the Plaintiff and others at the time and place aforesaid;

h)    failing to properly assess traffic conditions;

I)    failing to properly maintain his lane of travel;

j)    negligently and carelessly violating various statutes governing vehicular travel;

k)    failing to properly observe the traffic conditions and the slowing and/or stopping of vehicles directly ahead of him;

l)    negligence per se;

m)    negligence at law;

n)    such other acts or failures to act which may constitute negligence, and/or carelessness, which may become apparent during the course of discovery or at the time of trial.

11.    As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiff, Philip E. Benson, was caused to suffer severe and permanent bodily injuries and will continue to suffer for an indefinite period of time into the future, which injuries are permanent in nature and caused by the Defendants herein.

12.    As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiff, Philip E. Benson , was caused to suffer severe and permanent bodily injuries, including, but not limited to, injuries to the entire body, a trigger finger injury which required surgery, blood clots in the eye, concussion, head trauma, headaches, spinal injuries to neck and back, injuries to the shoulders and head, radiculopathy and nerve damage in arms and legs, bulging or herniated discs in the cervical and lumbar spine, exacerbation and/or aggravation of pre-existing conditions, mental distress, anxiety, and depression and numerous other ailments and injuries and will continue to suffer for

an indefinite period of time into the future, which injuries are permanent in nature and caused by the Defendants herein.

13.    As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiff, Philip E. Benson, has been compelled, in order to attempt treatment of the aforesaid injuries, to incur medical expenses and will be required to expend such sums of money for an indefinite period of time into the future. Plaintiff may have limited automobile insurance and have to spend great sums of his own money or use her private health insurance, including, but not limited to, co-pay, deductibles, out of pocket expenses, liens against any recovery by her private health carrier and/or PIP carrier, and other medical losses which will extend into the future possible, including possible need for surgery into the future.

14.    As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendant, Plaintiff, Philip E. Benson, has been and will continue to be prevented or restricted from attending to usual duties, activities, and occupations, and has suffered and will continue to suffer into the future, a loss of earnings and loss of future earning capacity, all to great financial detriment and loss.

15.    As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiff, Philip E. Benson, has experienced great pain and suffering, humiliation, embarrassment, a loss of the enjoyment of life's pleasures, and numerous other damages and losses, and in all likelihood, will continue to sustain these losses indefinitely into the future.  Plaintiff has lost income in the past by not being able to work at the same rate and pace, thereby losing hours of work, losing jobs and profits, losing opportunity both past, present and into the future; Plaintiff has been and will continue to be prevented or restricted from attending to usual duties, activities, and occupations, and has suffered and will continue to suffer into the future, a loss of earnings and loss of future earning capacity, to great financial detriment and loss, and some or all of the wage loss may have been

paid by workers' compensation insurance carriers, and/or disability insurance companies, who have or may assert liens against Plaintiff for the sums expended.

16.     As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiff, Philip E. Benson, sustained other damages to which he is entitled.

17.     As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiff, Philip E. Benson, has in the past and will in the future sustain other financial and/or pecuniary losses and expenses, damages, including but not limited to economic damages, non-economic damages and property damages, to which he is entitled.

18.     At all times relevant hereto, Plaintiff was bound, either by way of election or having been so deemed under the Pennsylvania Motor Vehicle Financial Responsibility Law, by the full tort option and possesses an unfettered right to pursue non-economic damages.

19.     As a result of Defendants' negligence and carelessness, Plaintiff sustained a permanent injury and/or a serious impairment to a body function or functions and is entitled to be compensated for both economic and non-economic losses suffered in this matter.

**WHEREFORE**, Plaintiff, Philip E. Benson, demands judgment against the Defendant, Ricardo Alvarado Rosero and Defendant, CARVANA, LLC, individually, jointly, severally, and/or in the alternative, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with costs, interest, delay damages, attorney's fees and other relief deemed appropriate by the Court.

### SECOND COUNT
#### Plaintiff, Kyriacos Argyropoulos v. Defendant, Ricardo Alvarado Rosero

20.     Plaintiff incorporates by reference the allegations contained above as though the same were set forth herein at length.

Case ID: 210802750

21.     At the time and place aforesaid, Defendant, Ricardo Alvarado Rosero, negligently, carelessly, and/or without acting with due and proper care, caused his vehicle to violently collide with the rear end of the Plaintiff's vehicle, resulting in severe, serious, and permanent personal injuries and economic losses to Plaintiff, as hereinafter described.

22.     At the time and place aforesaid, the negligence, carelessness and other liability-producing conduct of Defendant, Ricardo Alvarado Rosero, consisted of, but is not limited to, the following:

    d)    failing to properly control his vehicle and bring his vehicle to a safe stop behind Plaintiff's vehicle;

    e)    failing to have his vehicle under proper and adequate control at the time and place aforesaid;

    c)    failing to stay awake and alert at all times and properly observe his surroundings at all times relevant hereto;

    d)    operating his vehicle at an excess and/or unsafe speed;

    e)    failing to properly and adequately brake and/or stop his vehicle and failing to yield to traffic on the road;

    f)    failing to abide by the assured clear distance ahead rule;

    g)    failing to act, and/or acting, without due regard for the rights, safety, and position of the Plaintiff and others at the time and place aforesaid;

    h)    failing to properly assess traffic conditions;

    l)    failing to properly maintain his lane of travel;

    j)    negligently and carelessly violating various statutes governing vehicular travel;

    k)    failing to properly observe the traffic conditions and the slowing and/or stopping of vehicles directly ahead of him;

    l)    negligence per se;

    m)    negligence at law;

    n)    such other acts or failures to act which may constitute negligence, and/or carelessness, which may become apparent during the course of discovery or at the time of trial.

23.     As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiff, Kyriacos Argyropoulos, was caused to suffer severe and permanent injuries to his body and will continue to suffer for an indefinite period of time into the future, which injuries are permanent in nature and caused by the Defendant herein.

24.     As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiff, Kyriacos Argyropoulos was caused to suffer severe and permanent injuries to his body, including, but not limited to, injuries to his entire body, concussion, head trauma, headaches, spinal injuries to neck and back which may require surgery, injuries to the shoulders and head, radiculopathy and nerve damage in arms and legs, bulging or herniated discs in the cervical and lumbar spine, exacerbation and/or aggravation of pre-existing conditions, mental distress, anxiety, and depression and numerous other ailments and injuries and will continue to suffer for an indefinite period of time into the future, which injuries are permanent in nature and caused by the Defendant herein.

25.     As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiff, Kyriacos Argyropoulos has been compelled, in order to attempt treatment of the aforesaid injuries, to incur medical expenses and will be required to expend such sums of money for an indefinite period of time into the future. Plaintiff may have limited automobile insurance and have to spend great sums of his own money or use her private health insurance, including, but not limited to, co-pay, deductibles, out of pocket expenses, liens against any recovery by her private health carrier and/or PIP carrier, and other medical losses which will extend into the future possible, including possible need for surgery into the future.

26.     As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiff, Kyriacos Argyropoulos has been and will continue to be prevented or restricted from attending to usual duties, activities,

Case ID: 210802750

and occupations, and has suffered and will continue to suffer into the future, a loss of earnings and loss of future earning capacity, all to great financial detriment and loss.

27.     As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiff, Kyriacos Argyropoulos has experienced great pain and suffering, humiliation, embarrassment, a loss of the enjoyment of life's pleasures, and numerous other damages and losses, and in all likelihood, will continue to sustain these losses indefinitely into the future.  Plaintiff has lost income in the past by not being able to work at the same rate and pace, thereby losing hours of work, losing jobs and profits, losing opportunity both past, present and into the future; Plaintiff has been and will continue to be prevented or restricted from attending to usual duties, activities, and occupations, and has suffered and will continue to suffer into the future, a loss of earnings and loss of future earning capacity, to great financial detriment and loss, and some or all of the wage loss may have been paid by workers' compensation insurance carriers, and/or disability insurance companies, who have or may assert liens against Plaintiff for the sums expended.

28.     As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiff, Kyriacos Argyropoulos stained other damages to which he is entitled.

29.     As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendant, Plaintiff, Kyriacos Argyropoulos has in the past and will in the future sustain other financial and/or pecuniary losses and expenses, damages, including but not limited to economic damages, non-economic damages and property damages, to which he is entitled.

30.     At all times relevant hereto, Plaintiff was bound, either by way of election or having been so deemed under the Pennsylvania Motor Vehicle Financial Responsibility Law, by the full tort option and possesses an unfettered right to pursue non-economic damages.

31.     As a result of Defendant's negligence and carelessness, Plaintiff sustained a

permanent injury and/or a serious impairment to a body function or functions and is entitled to

be compensated for both economic and non-economic losses suffered in this matter.

**WHEREFORE,** Plaintiff, Kyriacos Argyropoulos, demands judgment in his favor and

against Defendant, Ricardo Alvarado Rosero, and Defendant, CARVANA, LLC, individually,

jointly, severally, and/or in the alternative, in an amount in excess of Fifty Thousand Dollars

($50,000.00), together with costs, interest, delay damages, attorney's fees and other relief

deemed appropriate by the Court.

### THIRD COUNT
### All Plaintiffs v. All Defendants
### (*Respondeat* Superior/Negligent Entrustment)

32.  All of the previous paragraphs of this Complaint are incorporated herein by

reference as if the same were set forth herein at length.

33.     At the aforesaid time and place, Defendant, Ricardo Alvarado Rosero, was

operating the subject vehicle as an agent, servant and/or employee of the Defendant,

CARVANA, LLC, and/or with the express and/or implied permission of Defendant, CARVANA,

LLC, and/or was negligently entrusted to operate a truck by said Defendant.

34.     At the time and place aforesaid, the Defendant, Ricardo Alvarado Rosero,

operated his truck carelessly and inattentively and was otherwise so negligent as to cause his

vehicle to come into violent collision with the Plaintiff's vehicle.

35.     The negligence of Defendant, Ricardo Alvarado Rosero, is therefore imputed to

and against Defendant, CARVANA, LLC.

36.     As a direct and proximate result of the aforesaid negligence, carelessness and

other liability-producing conduct of the defendants, Plaintiffs, Philip E. Benson and

Kyriacos Argyropoulos were caused to suffer severe and permanent injuries to their bodies and

will continue to suffer for an indefinite period of time into the future, which injuries are permanent

in nature and caused by the Defendant herein.

37.     As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiffs, Philip E. Benson, and Kyriacos Argyropoulos were caused to suffer severe and permanent injuries to their bodies, including, but not limited to, injuries identified previously in this Complaint, concussion, head trauma, headaches, spinal injuries to her neck and back, injuries to the shoulders and head, radiculopathy and nerve damage in arms and legs, bulging or herniated discs in the cervical and lumbar spine, exacerbation and/or aggravation of pre-existing conditions, mental distress, anxiety, and depression and numerous other ailments and injuries and will continue to suffer for an indefinite period of time into the future, which injuries are permanent in nature and caused by the Defendants herein.

38.     As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiffs, Philip E. Benson and Kyriacos Argyropoulos, have been compelled, in order to attempt treatment of the aforesaid injuries, to incur medical expenses and will be required to expend such sums of money for an indefinite period of time into the future.  Plaintiffs may have limited automobile insurance and have to spend great sums of their own money or use their own health insurance, including co-pay, deductibles, out of pocket expenses, liens against any recovery by their private health carrier and/or PIP carrier, and other medical losses into the future possible, including need for surgery into the future.

39.     As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiffs, Philip E. Benson and Kyriacos Argyropoulos, have been and will continue to be prevented or restricted from attending to their usual duties, activities, and occupations, and have suffered and will continue to suffer into the future, a loss of earnings and loss of future earning capacity, all to their great financial detriment and loss.

40.     As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiffs, Philip E. Benson and Kyriacos Argyropoulos, have experienced great pain and suffering, humiliation, embarrassment, a loss of the enjoyment of life's pleasures, and numerous other damages and losses, and in all likelihood, will continue to sustain these losses indefinitely into the future.  Plaintiffs have lost income in the past by not being able to work at the same rate and pace, thereby losing hours of work, losing jobs and profits, losing opportunity both past, present and into the future; Plaintiffs have been and will continue to be prevented or restricted from attending to their usual duties, activities, and occupations, and have suffered and will continue to suffer into the future, a loss of earnings and loss of future earning capacity, to their great financial detriment and loss, and some or all of the wage loss may have been paid by workers' compensation insurance carriers, and/or disability insurance companies, who have or may assert liens against Plaintiffs for the sums expended.

41.     As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiffs, Philip E. Benson and Kyriacos Argyropoulos, sustained other damages to which they are entitled.

42.     As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiffs, Philip E. Benson and Kyriacos Argyropoulos, have in the past and will in the future sustain other financial and/or pecuniary losses and expenses, damages, including but not limited to economic damages, non-economic damages and property damages, to which they are entitled.

43.     At all times relevant hereto, Plaintiffs were bound, either by way of election or having been so deemed under the Pennsylvania Motor Vehicle Financial Responsibility Law, by the full tort option and possesses an unfettered right to pursue non-economic damages.

44.     As a result of Defendants' negligence and carelessness, Plaintiffs sustained permanent injuries and/or serious impairments to a body function or functions and are entitled to be compensated for both economic and non-economic losses suffered in this matter.

**WHEREFORE**, Plaintiffs, Philip E. Benson and Kyriacos Argyropoulos, demand judgment in their favor and against Defendants, Ricardo Alvarado Rosero and CARVANA, LLC, individually, jointly, severally, and/or in the alternative, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with costs, interest, delay damages, attorney's fees and other relief deemed appropriate by the Court.

**FOURTH COUNT**
**Loss of Consortium**
**Plaintiff, Lauretta Argyropoulos vs.  Ricardo Alvarado Rosero and Carvana, LLC**

45.  All of the previous paragraphs of this Complaint are incorporated herein by reference as if the same were set forth herein at length.

46.  The Plaintiff, Lauretta Argyropoulos, at all times herein mentioned was, and still is, the wife of the Plaintiff, Kyriacos Argyropoulos.

47.  By reason of the injuries sustained by Plaintiff, Kyriacos Argyropoulos, Plaintiff, Lauretta Argyropoulos, has been deprived of the services, affection and consortium of her husband, Plaintiff, Kyriacos Argyropoulos for a substantial period of time and will, in the future, continue to be deprived of such services.

**WHEREFORE**, Plaintiffs, Kyriacos Argyropoulos and Lauretta Argyropoulos, husband and wife, and Plaintiff, Philip E. Benson, demand judgment in their favor and against Defendants, Ricardo Alvarado Rosero and CARVANA, LLC, individually, jointly, severally, and/or in the alternative, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with costs, interest, delay damages, attorney's fees and other relief deemed appropriate by the Court.

LAW OFFICES OF VINCENT J. CIECKA, P.C.

/s/Joseph J. Urban

BY:_____

Joseph J. Urban, Esquire
Attorney for Plaintiff

Dated: August 30, 2021

Case ID: 210802750

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the United Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted By:  Joseph J. Urban, Esquire

Signature:       /s/Joseph J. Urban

Attorney Identification No.:  57369

Case ID: 210802750

VERIFICATION

I, *Philip Benson*, have read the foregoing. The statements herein are correct to the best of my personal knowledge, information and/or belief.

The statement and verification is made subject to the penalties of 18 Pa.S.C.A. Sec. 4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.

Date   *8/19/21*

Signature   *Philip Benson*

Case ID: 210802750

<u>VERIFICATION</u>

I, ___Kyriacos Argynopoulos___ have read the foregoing. The statements herein are correct to the best of my personal knowledge, information and/or belief.

The statement and verification is made subject to the penalties of 18 Pa.S.C.A. Sec. 4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.

___8/21/2021___
Date

___Kyriacos Argyropoulos___
Signature