**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PHILIP E. BENSON, KYRIACOS AGYROPOULOS, AND LAURETTA AGYROPOULOS | CIVIL ACTION NO. 2:21-CV-04157 |
| Plaintiff(s) | |
| v. | |
| RICARDO ALVARADO ROSERO, AND CARVANA LLC. | |
| Defendant(s) | |

## <u>ORDER</u>

**AND NOW** on this _____ day of _____ 2021, upon consideration of Defendants' Motion to Dismiss Plaintiffs' Complaint, and any response and/or reply thereto, it is hereby **ORDERED** that Defendants' Motion is **GRANTED**, and Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE** in accordance with Federal Rule of Civil Procedure 12(b)(6).

BY THE COURT

_____

UNITED STATE DISTRICT COURT JUDGE

31248081.v1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP E. BENSON, KYRIACOS AGYROPOULOS, AND LAURETTA AGYROPOULOS | CIVIL ACTION NO. 2:21-CV-04157 |
| Plaintiff(s) | |
| v. | |
| RICARDO ALVARADO ROSERO, AND CARVANA LLC. | |
| Defendant(s) | |

## <u>ALTERNATIVE ORDER</u>

**AND NOW** on this _____ day of _____ 2021, upon consideration of Defendants' Motion to Dismiss Plaintiffs' Catch-All Claims in Paragraphs 10(n) and 22(n) of the Complaint, and any response and/or reply thereto, it is hereby **ORDERED** that Defendants' Motion is **GRANTED**, Paragraphs 10(n) and 22(n) is **DISMISSED WITH PREJUDICE**.

BY THE COURT

_____

UNITED STATE DISTRICT COURT JUDGE

31248081.v1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PHILIP E. BENSON, KYRIACOS AGYROPOULOS, AND LAURETTA AGYROPOULOS | CIVIL ACTION NO. 2:21-CV-04157 |
| Plaintiff(s) | |
| v. | |
| RICARDO ALVARADO ROSERO, AND CARVANA LLC. | |
| Defendant(s) | |

**<u>DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO
FED. R. CIV. P. 12(b)(6)</u>**

Defendants Ricardo Alvarado Rosero and Carvana LLC ("Moving Defendants"), by and through their undersigned counsel, Goldberg Segalla LLP, hereby move this Honorable Court pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss with prejudice Plaintiffs' Complaint. Defendants rely upon the record in this case and the accompanying Memorandum of Law in Support of its Motion to Dismiss.

WHEREFORE, Defendants Ricardo Alvarado Rosero and Carvana LLC, respectfully request that this Honorable Court enter an Order dismissing Plaintiff's Complaint in its entirety as it fails to start a claim against Defendants Ricardo Alvarado Rosero and Carvana LLC upon which relief can be granted.

31248081.v1

GOLDBERG SEGALLA LLP


By:  /s/Christina L. Capobianco
     Christina L. Capobianco, #95105
     1700 Market Street, Suite 1418
     Philadelphia, PA 19103-3907
     Telephone:  267-519-6800
     ccapobianco@goldbergsegalla.com
*Attorneys for Defendants,*
*Ricardo Alvarado Rosero and Carvana LLC.*

Date: September 27, 2021

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PHILIP E. BENSON, KYRIACOS AGYROPOULOS, AND LAURETTA AGYROPOULOS | CIVIL ACTION NO. 2:21-CV-04157 |
| Plaintiff(s) | |
| v. | |
| RICARDO ALVARADO ROSERO, AND CARVANA LLC. | |
| Defendant(s) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR IN IN THE
ALTERNATIVE TO DISMISS CATCH-ALL CLAIMS IN
PARAGRAPHS 10(n) AND 22(n)**

Defendants Ricardo Alvarado Rosero and Carvana LLC ("Moving Defendants"), by and through their undersigned counsel, Goldberg Segalla LLP, hereby move this Honorable Court pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss this Complaint or, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss with prejudice Paragraphs 10(n) and 22(n). Defendants rely upon the record in this case and the accompanying Memorandum of Law in Support of its Motion to Dismiss.

## I.     Factual Background

Plaintiffs, Philip E. Benson, Kyriacos Argyropoulos, and Lauretta Argyropoulos, claim that on October 20, 2019, Mr. Benson was driving Mr. Argyropoulos's vehicle, while Mr. Argyropoulos was a passenger, traveling northbound on I-95 at or near mile-marker 26 in Philadelphia, Pennsylvania. Plaintiffs alleged that, while traveling, Defendant, Ricardo Alvarado Rosero, was driving a vehicle owned by Defendant, Carvana, LLC and the vehicle rear-ended the

vehicle that Plaintiffs were traveling in during the alleged accident. *See* Plaintiffs' Complaint attached hereto as Exhibit "A."

Plaintiffs allege that this accident resulted in permanent personal injuries and economic losses for Plaintiffs. Plaintiff, Philip E. Benson, claims injuries to the entire body, a trigger finger injury which required surgery, blood clots in the eye, concussion, head trauma, headaches, spinal injuries to neck and back, injuries to the shoulders and head, radiculopathy and nerve damage in arms and legs, bulging or herniated discs in the cervical and lumbar spine, exacerbation and/or aggravation of pre-existing conditions, mental distress, anxiety, and depression. *See* Exhibit "A," Count I ¶ 12. Plaintiff, Philip E. Benson, claims to have incurred a loss of earnings and loss of future earning capacity. *See* Exhibit "A," Count I ¶¶ 14-15.

Plaintiff, Kyriacos Argyropoulos, claims injuries to his entire body, concussion, head trauma, headaches, spinal injuries to neck and back which may require surgery, injuries to the shoulders and head, radiculopathy and nerve damage in arms and legs, bulging or herniated discs in the cervical and lumbar spine, exacerbation and/or aggravation of pre-existing conditions, mental distress, anxiety, and depression. *See* Exhibit "A," Count II ¶ 24. Plaintiff, Kyriacos Argyropoulos, claims to have incurred a loss of earnings and loss of future earning capacity. *See* Exhibit "A," Count II ¶¶ 26-28.

Plaintiff, Lauretta Argyropoulos, claims to have been deprived of the services, affection, and consortium of her husband, Plaintiff, Kyriacos Argyropoulos, for a substantial period of time and believes that she will continue to be deprived of such services. *See* Exhibit "A," Count II ¶ 47.

On September 21, 2021, Defendants Ricardo Alvarado Rosero and Carvana, LLC, removed this matter from Pennsylvania State Court to the Eastern District of Pennsylvania based on the diversity jurisdiction.

II.     <u>Legal Argument</u>

    a)  **Plaintiffs' Complaint against Defendants Fails to State a Claim against Defendants upon which Relief can be Granted under Fed.R.Civ.P. 12(b)(6)**

Generally, under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868, 883 (2009) (internal citation omitted). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (internal citation omitted).

After a court determines that there are well-pleaded factual allegations, it must then determine whether the allegations "plausibly give rise to an entitlement to relief" by presenting "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" in that "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678-79 (internal citation omitted). Although courts must assume the veracity of all "well-pleaded factual allegations" in the complaint, it need not accept as true "'naked assertion[s]' devoid of 'further factual enhancement." *Ashcroft*, 556 U.S. at 678 (internal citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Simply alleging facts "consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Id*.  "A complaint that merely alleges entitlement

to relief, without alleging facts that show entitlement, must be dismissed." *Wash. Cty. Family Entm't, LLC v. RNN Entm't Inc.*, No. 2:17-CV-00807-CB, 2020 U.S. Dist. LEXIS 40224, at *8 (W.D. Pa. Mar. 6, 2020).

To state a claim for negligence under Pennsylvania law, a plaintiff must allege: (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another. *Bolles v. One W. Bank*, No. 3:10-2556, 2014 U.S. Dist. LEXIS 28470, at *8 (M.D. Pa. Mar. 6, 2014) (citing *Morena v. S. Hills Health Sys.*, 501 Pa. 634, 462 A.2d 680, 684 n.5 (Pa. 1983)). Pennsylvania Rule of Civil Procedure 1019(a) requires that the material facts on which a cause of action is based be set forth in a concise and summary form. Pennsylvania is a fact pleading state such that a complaint must not only provide the defendant with notice of what the plaintiff's claim is and the grounds upon which it rests, but it also must "formulate the issues by summarizing those facts essential to support the claim." *Lerner v. Lerner*, 954 A. 2d 1229, 1235 (Pa. Super. 2008)(citing *Alpha Tau Omega Fraternity v. University of Pennsylvania*, 464 A.2d 1349, 1352 (Pa. Super. 1983)). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S. Ct. 1955, 1964 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. *See also Ashcroft v. Iqbal*, supra.

Here, Paragraphs 10(n) and 22(n) of Plaintiff's Complaint state:

> n)    such other acts or failures to act which may constitute negligence, and/or carelessness, which may become apparent during the course of discovery or at the time of trial.

*See* Exhibit "A," First Count ¶ 10(n).

> n)      such other acts or failures to act which may constitute negligence, and/or
> carelessness, which may become apparent during the course of
> discovery or at the time of trial.

*See* Exhibit "A," Second Count ¶ 22(n).

Here, the referenced averments above are vague and do not provide any factual detail to support the information above. This does not conform to the applicable pleading requirements and is in violation of Pennsylvania's fact pleading requirements. These averments would allow Plaintiffs to attempt to later discover and introduce claims that are not currently addressed. This could prevent Defendants from being able to appropriately defend claims because Defendants do not have sufficient information from the averments to know what information Plaintiffs allege to be in dispute.

**b)   In the alternative, Plaintiff's Catch-All Claims of in Paragraphs 10(n) and 22(n) should be stricken with prejudice.**

In *Connor v. Allegheny Gen. Hosp.*, 461 A.2d 600, 602, n. 3 (Pa. 1983), the Court stated that phrases, such as "otherwise failing to use due care and caution under the circumstances," are too indefinite to apprise defendant of the nature of the allegedly tortious conduct at issue while at the same time allowing plaintiff to change its theory of liability after the statute of limitations has expired and after the defendant had the opportunity to challenge the insufficient specificity in plaintiff's complaint by way of preliminary objections.

Here, Paragraphs 10(n) and 22(n) of Plaintiffs' Complaint pleads catch-all general boilerplate allegations of negligence in violation of Pennsylvania's fact pleading requirements and in violation of the pleading standards outlined by Twombly, supra, and Connor, supra:

> n)      such other acts or failures to act which may constitute negligence, and/or
> carelessness, which may become apparent during the course of
> discovery or at the time of trial.

*See* Exhibit "A," First Count ¶ 10(n).

> n)    such other acts or failures to act which may constitute negligence, and/or carelessness, which may become apparent during the course of discovery or at the time of trial.

*See* Exhibit "A," Second Count ¶ 22(n).

Although, as drafted, these allegations are not properly pleaded against Moving Defendants, if Plaintiffs are afforded the ability to amend the pleadings as against Moving Defendants, Moving Defendants request that this Court dismiss with prejudice this subparagraph of Plaintiffs' Complaint as it does not comply with state or federal pleading requirements and is too indefinite to apprise defendant of the nature of the allegedly tortious conduct at issue.

### III.    <u>Conclusion</u>

For all the foregoing reasons, Defendants Ricardo Alvarado Rosero and Carvana LLC. respectfully request that this Court dismiss Plaintiff's Complaint against Defendants, Ricardo Alvarado Rosero and Carvana LLC., or in the alternative dismiss Paragraphs 10(n) and 22(n) of Plaintiff's Complaint against Defendants Ricardo Alvarado Rosero and Carvana LLC.

GOLDBERG SEGALLA LLP

By: /s/Christina L. Capobianco
       Christina L. Capobianco, #95105
       1700 Market Street, Suite 1418
       Philadelphia, PA 19103-3907
       Telephone:  267-519-6800
       cccpobianco@goldbergsegalla.com
*Attorneys for Defendants,*
*Ricardo Alvarado Rosero and Carvana LLC.*

Date: September 27, 2021

31248081.v1

## **CERTIFICATE OF SERVICE**

I, Christina L. Capobianco, hereby certify that this 27th day of September 2021, a true and correct copy of the foregoing Motion to Dismiss was served via the Court's ECF and by electronic mail upon the following:

Joseph J. Urban, Esquire
5709 Westfield Avenue
P.O. Box #560
Pennsauken NJ 08110
*Attorney for Plaintiffs*

GOLDBERG SEGALLA LLP

By: /s/Christina L. Capobianco
Christina L. Capobianco, #95105
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
Telephone:  267-519-6800
ccapobianco@goldbergsegalla.com
*Attorneys for Defendants,*
*Ricardo Alvarado Rosero and Carvana LLC.*

Date: September 27, 2021

31248081.v1

# EXHIBIT A

31248081.v1

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**AUGUST 2021**

E-Filing Number: 2108057279

**002750**

| | |
|---|---|
| PLAINTIFF'S NAME<br>PHILIP E. BENSON | DEFENDANT'S NAME<br>RICARDO ALVARADO ROSERO |
| PLAINTIFF'S ADDRESS<br>12041 EVERGREEN HOLLOW DRIVE<br>CHARLOTTE  NC 28269-5113 | DEFENDANT'S ADDRESS<br>8542 MARSDEN STREET, APT. 9<br>PHILADELPHIA PA 19136 |
| PLAINTIFF'S NAME<br>KYRIACOS ARGYROPOULOS | DEFENDANT'S NAME<br>CARVANA, LLC |
| PLAINTIFF'S ADDRESS<br>6006 NORMANDY DRIVE<br>MOUNT LAUREL  NJ 08054 | DEFENDANT'S ADDRESS<br>1026 MARIETTA STREET NE  SUITE A<br>ATLANTA  GA 30138<br>*OR  c/o  CSC* |
| PLAINTIFF'S NAME<br>LAURETTA ARGYROPOULOS | DEFENDANT'S NAME<br>*100 CHARLES EWING BLVD #160*<br>*EWING, NJ 08628* |
| PLAINTIFF'S ADDRESS<br>6006 NORMANDY DRIVE<br>MOUNT LAUREL  NJ 08054 | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 3 | 2 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

2V - MOTOR VEHICLE ACCIDENT

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br><br>AUG 30 2021<br><br>**S. RICE** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES      NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: PHILIP E BENSON , KYRIACOS ARGYROPOULOS , LAURETTA ARGYROPOULO

Papers may be served at the address set forth below.

| | |
|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>JOSEPH J. URBAN | ADDRESS<br>5709 WESTFIELD AVENUE<br>P.O. BOX #560<br>PENNSAUKEN  NJ 08110 |
| PHONE NUMBER<br>(856)665-5709 | FAX NUMBER<br>(856)665-4107 | |
| SUPREME COURT IDENTIFICATION NO.<br>57369 | E-MAIL ADDRESS<br>jurban@ciecka.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*JOSEPH URBAN* | DATE SUBMITTED<br>Monday, August 30, 2021, 05:06 pm |

**LAW OFFICES OF VINCENT J. CIECKA, P.C.**
By: Joseph J. Urban, Esquire
Identification No.: 57369
100 S. Broad Street
Suite 1218
Philadelphia, PA 19110
(215) 271-5709

email - jurban@ciecka.com
    dtrimble@ciecka.com

Filed and Attested by the
Office of Judicial Records
30 AUG 2021 05:06 pm

**THIS IS A MAJOR JURY MATTER
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED.**

Attorney for Plaintiffs

| | |
|---|---|
| **Philip E. Benson**<br>12041 Evergreen Hollow Drive<br>Charlotte, North Carolina 28269-5113<br>and<br>**Kyriacos Argyropoulos** and **Lauretta Argyropoulos**, his wife<br>6006 Normandy Drive<br>Mount Laurel, New Jersey 08054,<br><br>        Plaintiffs<br>  vs.<br><br>**Ricardo Alvarado Rosero**<br>8542 Marsden Street, Apt. 9<br>Philadelphia, PA 19136<br>and<br>**CARVANA, LLC**<br>1026 Marietta Street NW Suite A<br>Atlanta, GA 30138,<br>        Defendants | PHILADELPHIA COURT OF<br>COMMON PLEAS<br><br><br>AUGUST TERM, 2021<br><br>NO.:<br><br><br>***COMPLAINT*** |

## NOTICE TO DEFEND

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take the paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*
Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*
Asociacion De Licenciados
De Filadelfia Servicio De Referencia E
Informacion Legal - One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333 - TTY (215)-451-6197

## COMPLAINT
### 2V-Motor Vehicle Accident

### PARTIES

1.      Plaintiff, Philip E. Benson, is an adult individual and citizen of the State of North Carolina, residing at 12041 Evergreen Hollow Drive, in the City of Charlotte, County of Mecklenberg and State of North Carolina at zip code 28269-5113.

2.      Plaintiffs, Kyriacos Argyropoulos, and Lauretta Argyropoulos, his wife, are adult individuals and citizens of the State of New Jersey, residing at 6006 Normandy Drive, in the Township of Mount Laurel, County of Burlington and New Jersey and State of North Jersey at zip code 08054.

3.      Defendant, Ricardo Alvarado Rosero, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 8542 Marsden Street, Apartment 9, in the County and City of Philadelphia and Commonwealth of Pennsylvania at zip code 19136.

4.      Defendant, CARVANA, LLC, is a limited liability company organized and existing under the laws of the State of Delaware, with corporate headquarters located at 1930 West Rio Salado Parkway, Tempe, Arizona 85281 and a place of business located in the State of Georgia, at 1026 Marietta Street NW, Suite A, in Township of Atlanta, in the State of Georgia at zip code 30138, and which is registered to conduct business and does regularly conduct business in the Commonwealth of Pennsylvania and City and County of Philadelphia.

### FACTUAL AVERMENTS

5.      On or about October 20, 2019, at approximately 7:14 a.m., Plaintiff, Philip E. Benson, was the operator of a 2016 Toyota Camry owned by Plaintiff, Kyriacos Argyropoulos, who was a front seat passenger in the vehicle, and was traveling northbound on I-95 at or near mile marker 26 in the lane leading to the ramp to the Betsy Ross Bridge in the City and County of Philadelphia and Commonwealth Pennsylvania.

6.      At the aforesaid time and place, Defendant, Ricardo Alvarado Rosero, the operator, driver, possessor and/or person otherwise in control of a 2020 Freightliner truck which was owned, leased and/or otherwise possessed by Defendant, CARVANA, LLC, violently collided with the rear of Plaintiff's motor vehicle, hereby causing the bodily injuries to Plaintiffs as set forth herein.

7.      Defendant, Ricardo Alvarado Rosero, failed to stay alert at all times, failed to properly observe his surroundings, failed to keep his truck under control, failed to proceed at an appropriate speed, failed to visualize what was in front of him while operating his vehicle on the roadway and caused his truck to violently strike the rear of Plaintiffs' motor vehicle.

**FIRST COUNT**
**Plaintiff, Philip E. Benson  v. Defendant, Ricardo Alvarado Rosero**

8.      Plaintiffs incorporate by reference the allegations contained above as though the same were set forth herein at length.

9.      At the time and place aforesaid, Defendant, Ricardo Alvarado Rosero, negligently, carelessly, and/or without acting with due and proper care, caused his vehicle to violently collide with the rear end of the Plaintiff's vehicle, resulting in severe, serious, and permanent personal injuries and economic losses to Plaintiff, as hereinafter described.

10.     At the time and place aforesaid, the negligence, carelessness and other liability-producing conduct of Defendant, Ricardo Alvarado Rosero, consisted of, but is not limited to, the following:

   a)      failing to properly control his vehicle and bring his vehicle to a safe stop behind Plaintiff's vehicle;

   b)      failing to have his vehicle under proper and adequate control at the time and place aforesaid;

   c)      failing to stay awake and alert and properly observe his surroundings at all times relevant hereto;

   d)      operating his vehicle at an excess and/or unsafe speed;

Case ID: 210802750

e)  failing to properly and adequately brake and/or stop his vehicle and failing to yield to traffic on the road;

f)  failing to abide by the assured clear distance ahead rule;

g)  failing to act, and/or acting, without due regard for the rights, safety, and position of the Plaintiff and others at the time and place aforesaid;

h)  failing to properly assess traffic conditions;

I)  failing to properly maintain his lane of travel;

j)  negligently and carelessly violating various statutes governing vehicular travel;

k)  failing to properly observe the traffic conditions and the slowing and/or stopping of vehicles directly ahead of him;

l)  negligence per se;

m)  negligence at law;

n)  such other acts or failures to act which may constitute negligence, and/or carelessness, which may become apparent during the course of discovery or at the time of trial.

11.    As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiff, Philip E. Benson, was caused to suffer severe and permanent bodily injuries and will continue to suffer for an indefinite period of time into the future, which injuries are permanent in nature and caused by the Defendants herein.

12.    As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiff, Philip E. Benson , was caused to suffer severe and permanent bodily injuries, including, but not limited to, injuries to the entire body, a trigger finger injury which required surgery, blood clots in the eye, concussion, head trauma, headaches, spinal injuries to neck and back, injuries to the shoulders and head, radiculopathy and nerve damage in arms and legs, bulging or herniated discs in the cervical and lumbar spine, exacerbation and/or aggravation of pre-existing conditions, mental distress, anxiety, and depression and numerous other ailments and injuries and will continue to suffer for

an indefinite period of time into the future, which injuries are permanent in nature and caused by the Defendants herein.

13.    As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiff, Philip E. Benson, has been compelled, in order to attempt treatment of the aforesaid injuries, to incur medical expenses and will be required to expend such sums of money for an indefinite period of time into the future. Plaintiff may have limited automobile insurance and have to spend great sums of his own money or use her private health insurance, including, but not limited to, co-pay, deductibles, out of pocket expenses, liens against any recovery by her private health carrier and/or PIP carrier, and other medical losses which will extend into the future possible, including possible need for surgery into the future.

14.    As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendant, Plaintiff, Philip E. Benson, has been and will continue to be prevented or restricted from attending to usual duties, activities, and occupations, and has suffered and will continue to suffer into the future, a loss of earnings and loss of future earning capacity, all to great financial detriment and loss.

15.    As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiff, Philip E. Benson, has experienced great pain and suffering, humiliation, embarrassment, a loss of the enjoyment of life's pleasures, and numerous other damages and losses, and in all likelihood, will continue to sustain these losses indefinitely into the future.  Plaintiff has lost income in the past by not being able to work at the same rate and pace, thereby losing hours of work, losing jobs and profits, losing opportunity both past, present and into the future; Plaintiff has been and will continue to be prevented or restricted from attending to usual duties, activities, and occupations, and has suffered and will continue to suffer into the future, a loss of earnings and loss of future earning capacity, to great financial detriment and loss, and some or all of the wage loss may have been

Case ID: 210802750

paid by workers' compensation insurance carriers, and/or disability insurance companies, who have or may assert liens against Plaintiff for the sums expended.

16.      As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiff, Philip E. Benson, sustained other damages to which he is entitled.

17.      As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiff, Philip E. Benson, has in the past and will in the future sustain other financial and/or pecuniary losses and expenses, damages, including but not limited to economic damages, non-economic damages and property damages, to which he is entitled.

18.      At all times relevant hereto, Plaintiff was bound, either by way of election or having been so deemed under the Pennsylvania Motor Vehicle Financial Responsibility Law, by the full tort option and possesses an unfettered right to pursue non-economic damages.

19.      As a result of Defendants' negligence and carelessness, Plaintiff sustained a permanent injury and/or a serious impairment to a body function or functions and is entitled to be compensated for both economic and non-economic losses suffered in this matter.

**WHEREFORE**, Plaintiff, Philip E. Benson, demands judgment against the Defendant, Ricardo Alvarado Rosero and Defendant, CARVANA, LLC, individually, jointly, severally, and/or in the alternative, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with costs, interest, delay damages, attorney's fees and other relief deemed appropriate by the Court.

### SECOND COUNT
### Plaintiff, Kyriacos Argyropoulos v. Defendant, Ricardo Alvarado Rosero

20.      Plaintiff incorporates by reference the allegations contained above as though the same were set forth herein at length.

Case ID: 210802750

21.     At the time and place aforesaid, Defendant, Ricardo Alvarado Rosero, negligently, carelessly, and/or without acting with due and proper care, caused his vehicle to violently collide with the rear end of the Plaintiff's vehicle, resulting in severe, serious, and permanent personal injuries and economic losses to Plaintiff, as hereinafter described.

22.     At the time and place aforesaid, the negligence, carelessness and other liability-producing conduct of Defendant, Ricardo Alvarado Rosero, consisted of, but is not limited to, the following:

    d)    failing to properly control his vehicle and bring his vehicle to a safe stop behind Plaintiff's vehicle;

    e)    failing to have his vehicle under proper and adequate control at the time and place aforesaid;

    c)    failing to stay awake and alert at all times and properly observe his surroundings at all times relevant hereto;

    d)    operating his vehicle at an excess and/or unsafe speed;

    e)    failing to properly and adequately brake and/or stop his vehicle and failing to yield to traffic on the road;

    f)    failing to abide by the assured clear distance ahead rule;

    g)    failing to act, and/or acting, without due regard for the rights, safety, and position of the Plaintiff and others at the time and place aforesaid;

    h)    failing to properly assess traffic conditions;

    l)    failing to properly maintain his lane of travel;

    j)    negligently and carelessly violating various statutes governing vehicular travel;

    k)    failing to properly observe the traffic conditions and the slowing and/or stopping of vehicles directly ahead of him;

    l)    negligence per se;

    m)    negligence at law;

    n)    such other acts or failures to act which may constitute negligence, and/or carelessness, which may become apparent during the course of discovery or at the time of trial.

Case ID: 210802750

23.     As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiff, Kyriacos Argyropoulos, was caused to suffer severe and permanent injuries to his body and will continue to suffer for an indefinite period of time into the future, which injuries are permanent in nature and caused by the Defendant herein.

24.     As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiff, Kyriacos Argyropoulos was caused to suffer severe and permanent injuries to his body, including, but not limited to, injuries to his entire body, concussion, head trauma, headaches, spinal injuries to neck and back which may require surgery, injuries to the shoulders and head, radiculopathy and nerve damage in arms and legs, bulging or herniated discs in the cervical and lumbar spine, exacerbation and/or aggravation of pre-existing conditions, mental distress, anxiety, and depression and numerous other ailments and injuries and will continue to suffer for an indefinite period of time into the future, which injuries are permanent in nature and caused by the Defendant herein.

25.     As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiff, Kyriacos Argyropoulos has been compelled, in order to attempt treatment of the aforesaid injuries, to incur medical expenses and will be required to expend such sums of money for an indefinite period of time into the future. Plaintiff may have limited automobile insurance and have to spend great sums of his own money or use her private health insurance, including, but not limited to, co-pay, deductibles, out of pocket expenses, liens against any recovery by her private health carrier and/or PIP carrier, and other medical losses which will extend into the future possible, including possible need for surgery into the future.

26.     As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiff, Kyriacos Argyropoulos has been and will continue to be prevented or restricted from attending to usual duties, activities,

and occupations, and has suffered and will continue to suffer into the future, a loss of earnings and loss of future earning capacity, all to great financial detriment and loss.

27.    As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiff, Kyriacos Argyropoulos has experienced great pain and suffering, humiliation, embarrassment, a loss of the enjoyment of life's pleasures, and numerous other damages and losses, and in all likelihood, will continue to sustain these losses indefinitely into the future.  Plaintiff has lost income in the past by not being able to work at the same rate and pace, thereby losing hours of work, losing jobs and profits, losing opportunity both past, present and into the future; Plaintiff has been and will continue to be prevented or restricted from attending to usual duties, activities, and occupations, and has suffered and will continue to suffer into the future, a loss of earnings and loss of future earning capacity, to great financial detriment and loss, and some or all of the wage loss may have been paid by workers' compensation insurance carriers, and/or disability insurance companies, who have or may assert liens against Plaintiff for the sums expended.

28.    As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiff, Kyriacos Argyropoulos stained other damages to which he is entitled.

29.    As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendant, Plaintiff, Kyriacos Argyropoulos has in the past and will in the future sustain other financial and/or pecuniary losses and expenses, damages, including but not limited to economic damages, non-economic damages and property damages, to which he is entitled.

30.    At all times relevant hereto, Plaintiff was bound, either by way of election or having been so deemed under the Pennsylvania Motor Vehicle Financial Responsibility Law, by the full tort option and possesses an unfettered right to pursue non-economic damages.

Case ID: 210802750

31.     As a result of Defendant's negligence and carelessness, Plaintiff sustained a permanent injury and/or a serious impairment to a body function or functions and is entitled to be compensated for both economic and non-economic losses suffered in this matter.

**WHEREFORE,** Plaintiff, Kyriacos Argyropoulos, demands judgment in his favor and against Defendant, Ricardo Alvarado Rosero, and Defendant, CARVANA, LLC, individually, jointly, severally, and/or in the alternative, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with costs, interest, delay damages, attorney's fees and other relief deemed appropriate by the Court.

**THIRD COUNT**
**All Plaintiffs v. All Defendants**
**(_Respondeat_ Superior/Negligent Entrustment)**

32.  All of the previous paragraphs of this Complaint are incorporated herein by reference as if the same were set forth herein at length.

33.     At the aforesaid time and place, Defendant, Ricardo Alvarado Rosero, was operating the subject vehicle as an agent, servant and/or employee of the Defendant, CARVANA, LLC, and/or with the express and/or implied permission of Defendant, CARVANA, LLC, and/or was negligently entrusted to operate a truck by said Defendant.

34.     At the time and place aforesaid, the Defendant, Ricardo Alvarado Rosero, operated his truck carelessly and inattentively and was otherwise so negligent as to cause his vehicle to come into violent collision with the Plaintiff's vehicle.

35.     The negligence of Defendant, Ricardo Alvarado Rosero, is therefore imputed to and against Defendant, CARVANA, LLC.

36.     As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiffs, Philip E. Benson and Kyriacos Argyropoulos were caused to suffer severe and permanent injuries to their bodies and will continue to suffer for an indefinite period of time into the future, which injuries are permanent

in nature and caused by the Defendant herein.

37.     As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiffs, Philip E. Benson, and Kyriacos Argyropoulos were caused to suffer severe and permanent injuries to their bodies, including, but not limited to, injuries identified previously in this Complaint, concussion, head trauma, headaches, spinal injuries to her neck and back, injuries to the shoulders and head, radiculopathy and nerve damage in arms and legs, bulging or herniated discs in the cervical and lumbar spine, exacerbation and/or aggravation of pre-existing conditions, mental distress, anxiety, and depression and numerous other ailments and injuries and will continue to suffer for an indefinite period of time into the future, which injuries are permanent in nature and caused by the Defendants herein.

38.     As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiffs, Philip E. Benson and Kyriacos Argyropoulos, have been compelled, in order to attempt treatment of the aforesaid injuries, to incur medical expenses and will be required to expend such sums of money for an indefinite period of time into the future.  Plaintiffs may have limited automobile insurance and have to spend great sums of their own money or use their own health insurance, including co-pay, deductibles, out of pocket expenses, liens against any recovery by their private health carrier and/or PIP carrier, and other medical losses into the future possible, including need for surgery into the future.

39.     As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiffs, Philip E. Benson and Kyriacos Argyropoulos, have been and will continue to be prevented or restricted from attending to their usual duties, activities, and occupations, and have suffered and will continue to suffer into the future, a loss of earnings and loss of future earning capacity, all to their great financial detriment and loss.

Case ID: 210802750

40.     As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiffs, Philip E. Benson and Kyriacos Argyropoulos, have experienced great pain and suffering, humiliation, embarrassment, a loss of the enjoyment of life's pleasures, and numerous other damages and losses, and in all likelihood, will continue to sustain these losses indefinitely into the future.  Plaintiffs have lost income in the past by not being able to work at the same rate and pace, thereby losing hours of work, losing jobs and profits, losing opportunity both past, present and into the future; Plaintiffs have been and will continue to be prevented or restricted from attending to their usual duties, activities, and occupations, and have suffered and will continue to suffer into the future, a loss of earnings and loss of future earning capacity, to their great financial detriment and loss, and some or all of the wage loss may have been paid by workers' compensation insurance carriers, and/or disability insurance companies, who have or may assert liens against Plaintiffs for the sums expended.

41.     As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiffs, Philip E. Benson and Kyriacos Argyropoulos, sustained other damages to which they are entitled.

42.     As a direct and proximate result of the aforesaid negligence, carelessness and other liability-producing conduct of the defendants, Plaintiffs, Philip E. Benson and Kyriacos Argyropoulos, have in the past and will in the future sustain other financial and/or pecuniary losses and expenses, damages, including but not limited to economic damages, non-economic damages and property damages, to which they are entitled.

43.     At all times relevant hereto, Plaintiffs were bound, either by way of election or having been so deemed under the Pennsylvania Motor Vehicle Financial Responsibility Law, by the full tort option and possesses an unfettered right to pursue non-economic damages.

44.     As a result of Defendants' negligence and carelessness, Plaintiffs sustained permanent injuries and/or serious impairments to a body function or functions and are entitled to be compensated for both economic and non-economic losses suffered in this matter.

**WHEREFORE**, Plaintiffs, Philip E. Benson and Kyriacos Argyropoulos, demand judgment in their favor and against Defendants, Ricardo Alvarado Rosero and CARVANA, LLC, individually, jointly, severally, and/or in the alternative, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with costs, interest, delay damages, attorney's fees and other relief deemed appropriate by the Court.

**FOURTH COUNT**
**Loss of Consortium**
**Plaintiff, Lauretta Argyropoulos vs.  Ricardo Alvarado Rosero and Carvana, LLC**

45. All of the previous paragraphs of this Complaint are incorporated herein by reference as if the same were set forth herein at length.

46. The Plaintiff, Lauretta Argyropoulos, at all times herein mentioned was, and still is, the wife of the Plaintiff, Kyriacos Argyropoulos.

47. By reason of the injuries sustained by Plaintiff, Kyriacos Argyropoulos, Plaintiff, Lauretta Argyropoulos, has been deprived of the services, affection and consortium of her husband, Plaintiff, Kyriacos Argyropoulos for a substantial period of time and will, in the future, continue to be deprived of such services.

**WHEREFORE**, Plaintiffs, Kyriacos Argyropoulos and Lauretta Argyropoulos, husband and wife, and Plaintiff, Philip E. Benson, demand judgment in their favor and against Defendants, Ricardo Alvarado Rosero and CARVANA, LLC, individually, jointly, severally, and/or in the alternative, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with costs, interest, delay damages, attorney's fees and other relief deemed appropriate by the Court.

LAW OFFICES OF VINCENT J. CIECKA, P.C.

/s/Joseph J. Urban
BY:_____
         Joseph J. Urban, Esquire
Dated: August 30, 2021          Attorney for Plaintiff

Case ID: 210802750

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the United Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted By:  Joseph J. Urban, Esquire

Signature:      /s/Joseph J. Urban

Attorney Identification No.:  57369

Case ID: 210802750

<u>VERIFICATION</u>

I, *Philip Benson*, have read the foregoing. The statements herein are correct to the best of my personal knowledge, information and/or belief.

The statement and verification is made subject to the penalties of 18 Pa.S.C.A. Sec. 4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.

_8/19/21_
Date

*Philip Benson*
Signature

Case ID: 210802750

<u>VERIFICATION</u>

I, _Kyriacos Argyropailos_ have read the foregoing.  The statements herein are correct to the best of my personal knowledge, information and/or belief.

The statement and verification is made subject to the penalties of 18 Pa.S.C.A. Sec. 4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.

_8|21|2021_
Date

_Kyriacos Argyropailos_
Signature